IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

```
-------------------------------------------------x
                                                 :
AMEE LEE RIVERA                                  :        3:14 CV 355 (CSH)
                                                 :
v.                                               :
                                                 :
JMS DIRECT                                       :        MAY 6, 2014
                                                 :
-------------------------------------------------x
```

### SUPPLEMENTAL RULING ON PLAINTIFF'S
### MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

On March 26, 2014, this Magistrate Judge granted plaintiff's Motion for Leave to Proceed In Forma Pauperis (Dkt. #6)["March Ruling"], but in the March Ruling, plaintiff was afforded an opportunity to amend her complaint in light of her "less than clear" allegations. (At 2-3).[1] In the March Ruling, this Magistrate Judge noted that, "[w]hile plaintiff's Complaint is less than clear in substance, plaintiff clearly alleges that defendant employs a total of three to four employees[,]" and "[i]f a Title VII complaint alleges that the employer has fewer than fifteen employees, the complaint is subject to dismissal for failure to state a claim."  (At 2)(citations omitted). [2]

On April 22, 2014, plaintiff, still proceeding pro se, filed her Amended Complaint, in which she alleges that defendant employer in fact employs "20+" employees, rather than "3 to 4 people" as alleged in her original Complaint. (See Dkt. #7, at 3; compare with Dkt. #6,

---

[1] On March 24, 2014, Senior United States District Judge Charles S. Haight, Jr. referred plaintiff's Motion for Leave to Proceed In Forma Pauperis to this Magistrate Judge. (Dkt. #5).

[2] The March Ruling also afforded plaintiff an opportunity to clarify her allegations as to her Rehabilitation Act and ADA claims. (At 2-3).  However, in her Amended Complaint, plaintiff does not allege any claims under either of these statutory provisions, although she does refer to her "disability" and that "one figured out to the other of my medication and took advantage of the situation." (Dkt. #7, at 2, 4).  As alleged, plaintiff does not assert a claim under the Rehabilitation Act or the ADA.

at 3). She also alleges that she was discriminated on the basis of her color and sex in that she was the only Hispanic, and the only woman, working with four African-American males, two of whom came to her home and sexually harassed her, and one of whom stole something from her home. (Dkt. #7, at 3-7). At this stage of the case, plaintiff may proceed with her Title VII allegations of sexual harassment. See Nance v. Kelly, 912 F.2d 605, 606 (2d Cir. 1990)(court should look with far more forgiving eye in determining whether the IFP complaint rests on meritless legal theory, for the purpose of determining whether complaint should be dismissed on grounds of frivolity, than it does in testing complaint against motion to dismiss). However, although cautioned in the March Ruling that the protection of the ADEA only extends to employees who are at least forty years old, plaintiff, who was born in 1982, continues to assert an ADEA claim in her Amended Complaint. (Dkt. #7, at 1)(citations omitted).[3] Accordingly, this Court recommends to Judge Haight that plaintiff's ADEA claim be dismissed.

See 28 U.S.C. § 636(b)(**written objections to ruling must be filed within fourteen days after service of same**); FED. R. CIV. P. 6(a) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Sec'y, H & HS, 892 F.2d 15, 16 (2d Cir. 1989)(**failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit.**).

Dated at New Haven, this 6th day of May, 2014.

/s/ Joan G. Margolis, USMJ_____
Joan Glazer Margolis
United States Magistrate Judge

---

[3] Plaintiff did not check off the box for age on page 3, however.